1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NESTOR TAVAREZ,<br><br>Defendant. | Case No. 17-CR-00520-LHK-6<br><br>**ORDER GRANTING COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 160 |

On November 14, 2018, Defendant Nestor Tavarez pled guilty to using a communication facility to commit a felony drug offense in violation of 21 U.S.C. § 843(b). ECF No. 83. Defendant specifically admitted using a telephone to facilitate a conspiracy to distribute methamphetamine. ECF No. 82 at 2 (Defendant's plea submission). On May 15, 2019, the Court sentenced Defendant to 42 months in custody and one year of supervised release. Judgment at 2–3, ECF No. 132. Defendant self-surrendered on July 17, 2019. *Id.* at 2. He is currently in the custody of the Bureau of Prisons at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan").

Defendant will have served 19 months if he is released to home detention in 14 days. Assuming Defendant qualifies for good time credits, Defendant's projected release date is

United States District Court
Northern District of California

1   December 4, 2021. *See* Federal Bureau of Prisons, *Find an Inmate*,

2   https://www.bop.gov/inmateloc/ (last visited Jan. 22, 2021). Thus, as of Defendant's expected

3   release date, Defendant will have served 69% of his sentence. Assuming good time credits,

4   Defendant has served about 64% of his sentence.

5   Moreover, according to the government, Defendant "is scheduled for transfer to Cornell

6   Correctional Residential Reentry Center in San Francisco on June 8, 2021." ECF No. 165 at 9.

7   On January 4, 2021, Defendant filed the instant motion for reduction of sentence pursuant

8   to 18 U.S.C. § 3582(c)(1)(A), which is also known as compassionate release. ECF No. 160. On

9   January 21, 2021, the government filed its response to the instant motion. ECF No. 165. The

10  government "does not oppose Defendant's motion for compassionate release on the merits." *Id.* at

11  2. Specifically, the government candidly concedes that Defendant meets the three requirements for

12  compassionate release. First, Defendant has exhausted his administrative remedies. *Id.* at 2.

13  Second, releasing Defendant would be consistent with the 18 U.S.C. § 3353(a) sentencing factors

14  and the Sentencing Commission's applicable policy statements. *Id.* at 9–10 (analyzing § 3553(a)

15  factors), 11 (conceding that "Defendant does not present a danger to the community"). Third,

16  "Defendant presents an extraordinary and compelling reason" for compassionate release because

17  he has Type 2 diabetes, "which is among the conditions identified by the CDC on its website as

18  increasing a person's risk for developing serious illness from COVID-19." *Id.* at 8. Moreover,

19  Defendant's BOP medical records show that Defendant, who is now 53 years old, was diagnosed

20  with hypertension, high cholesterol, anxiety, depression, and Tourette syndrome. *Id.* at 9.

21  The Court agrees with the government's analysis and non-opposition to Defendant's

22  motion for compassionate release. Accordingly, the Court GRANTS Defendant's motion for

23  compassionate release. This order is stayed for up to 14 days to make appropriate travel

24  arrangements for Defendant and to ensure Defendant's safe release. Defendant shall be released as

25  soon as appropriate travel arrangements are made, and it is safe for Defendant to travel. There

26  shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to

27  make appropriate travel arrangements and ensure Defendant's safe release, the parties shall

28

United States District Court
Northern District of California

2

Case No. 17-CR-00520-LHK-6
ORDER GRANTING COMPASSIONATE RELEASE

immediately notify the Court and show cause why the stay should be extended.

Pursuant to the government's request, the Court (1) reduces Defendant's sentence to time served; (2) imposes a special term of supervised release for the remaining portion of Defendant's original term of imprisonment (as calculated by the Bureau of Prisons); and (3) orders that after the special term of supervised release, Defendant shall be on the original one-year term of supervised release with the same conditions as those imposed at Defendant's May 15, 2019 sentencing. Defendant's special term of supervised release shall have the same conditions as those imposed at Defendant's May 15, 2019 sentencing, with the additional condition of home detention.

During Defendant's term of home detention, Defendant shall participate in the Location Monitoring Program as directed by the probation officer and be monitored by location monitoring technology at the discretion of the probation officer. Location monitoring shall be utilized to verify Defendant's compliance with home detention while on the Location Monitoring Program. Defendant shall be restricted to Defendant's residence at all times except for medical necessities, court appearances, or other activities specifically approved by the probation officer. Defendant shall pay all the costs of Defendant's participation in the Location Monitoring Program. For the first 14 days after Defendant's release from imprisonment into home detention, Defendant shall self-isolate to prevent the spread of COVID-19.

**IT IS SO ORDERED.**

Dated: January 22, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge